RECEIVED
SEP 2 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANDERSON & BROUSSARD, L.L.P., ET AL | CIVIL ACTION NO. 04-2408 |
| VERSUS | JUDGE DOHERTY |
| BELLSOUTH CORPORATION, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the plaintiffs' Motion to Remand, in which movants argue that diversity jurisdiction does not exist because the parties are not diverse and because the amount-in-controversy requirement is not met. The motion is opposed by the defendants. For the following reasons, the motion will be granted and this matter remanded to the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana.

Oral argument on the pending motion was heard by this Court on June 14, 2005. At that time, the Court related the relevant and undisputed facts, described the proper analysis of the plaintiffs' motion, and discussed the application of the facts to the analysis in this matter. The Court's discussion of the motion and reasons for ruling, as reflected on the record dated June 14, 2005, are incorporated herein as if set forth *in extenso.*

In brief, the plaintiffs allege they advertised legal services through one or more of the corporate defendants; and the non-diverse defendant, Ms. Pearce, who acting on behalf of Bellsouth Corporation and/or Bellsouth Advertising & Publishing Corporation, assured the plaintiffs certain requested changes in listings and advertising would be made as they requested. Plaintiffs allege Ms.

Pearce failed to see to it that the requested changes were made as she represented they would be; and plaintiffs allege her failure to do so caused them damage. The defendants removed this matter from state court notwithstanding the presence of a non-diverse defendant; the defendants argue Ms. Pearce had been improperly joined by the plaintiffs. In such a context, the defendants bear the heavy burden of proving the existence of diversity jurisdiction and, specifically, must prove that the plaintiffs *cannot* establish a cause of action against Ms. Pearce in state court.

In an effort to meet this heavy burden, the defendants argue that Louisiana law precludes the plaintiffs from asserting a claim against Ms. Pearce individually. Specifically, defense counsel cited Unimobil 84, Inc. v. Spurney, 797 F.2d 214 (5th Cir. 1986), during oral argument for the proposition that under no circumstance can an employee be held liable to a third party for damages resulting from her activities in the course and scope of her employment unless she causes bodily injury to the third party. As this argument was newly-presented at oral argument, this Court granted counsel an opportunity to file a supplemental brief on this issue alone. All briefing has now been completed and this Court remains unpersuaded.

It is undisputed that Louisiana law permits a plaintiff who has been injured to sue an individual employee for negligence committed while the employee was functioning in the course and scope of his or her employment notwithstanding the fact that his or her employer might also be liable to the plaintiff. *See* Ford v. Elsbury, 32 F.3d 931 (5th Cir. 1994); Canter v. Koehring Company, 283 So.2d 716 (La. 1973). In the years since the Canter decision was issued, it has become increasingly more common – in courts other than the Louisiana Supreme Court – to limit Canter to a realm it did not assume for itself. The defendants rely on this trend and, using language never adopted by the Louisiana Supreme Court, but which has been referenced by other courts, the defendants argue the

cause of action acknowledged in Ford v. Elsbury and Canter is available *only* to those plaintiffs who have suffered bodily injury, and *not* to those who have suffered only economic damages from the alleged negligence. Plaintiffs argued interpretation of certain loose applications of Canter would permit a third party plaintiff who has been physically injured to sue an employee for his or her negligent act made on behalf of an employer, while another third party plaintiff injured by the same act (but one who received only financial injury) would be precluded. Although free to make such a distinction, the Louisiana Supreme Court has not made such a distinction; defendants paint with too broad a brush in their argument. In support of this argument, the defendants cite a number of cases which are inapposite: (a) those in which courts have dismissed claims against an employee *to recover the debts of his or her corporate employer from the employee personally;*[1] and (b) one – issued by this Court – in which there was no personal fault or personal negligence on the part of the individual employee defendant.[2]

The plaintiffs before this Court, are not seeking to recover from Ms. Pearce any debt or obligation *owed to them by her employer*; instead, they seek to recover from Ms. Pearce damages for which they claim *she is personally at fault* and, therefore, liable, a pivotal distinction. For this reason, the "corporate debt" cases cited by defendants are not applicable. While certain of these cases do contain very broad language within *dicta* from which one could form an argument that corporate employees can never be liable to third parties in the "commercial context," such language is loose

---

[1] *See* Unimobil 84, Inc. v. Spurney, 797 F.2d 214 (5th Cir. 1986); Wirth v. Albert, 174 LA 373, 11 So. 1 (1932); Bacher v. Albert, 180 LA 108, 156 So. 191 (1934); Fine Iron Works v. Louisiana World Exposition, Inc., 472 So.2d 201 (La.App. 4 Cir. 1985).

[2] *See Guzzino v. Felterman*, United States District Court for the Western District of Louisiana, Civil Action No. 95-1190, Memorandum Ruling dated December 17, 1997.

*dicta* at best and no definition of what is a "commercial context" is provided in any of the cases. The holdings of each of the argued cases, therefore, do not support defendants' argument, nor convince this Court <u>Canter</u> should be used a defendants suggest. The Louisiana Supreme Court has recognized the cause of action under certain circumstances; those circumstances exist in this factual scenario, defendants have presented no applicable jurisprudence to alter this jurisprudential reality. In the absence of such a jurisprudence, and particularly in light of the strong public policy reasons recognized for refusing to impose corporate debts upon employees – policy reasons which were rejected by the Louisiana Supreme Court in approving the imposition of tort liability upon employees for their own negligent actions – the very broad language argued by defendants must be considered *dicta* and the factual scenarios of those cases found distinguishable for the one at hand.

This Court's decision in the <u>Guzzino v. Felterman</u> case is equally inapposite here. The defendants dismissed in that ruling, it was agreed under the factual scenario at issue, could have had no personal fault in causing the plaintiffs' financial injuries. A much different factual scenario than the one presented in this matter. When, in <u>Canter</u>, the Louisiana Supreme Court first articulated the standard of proof for a negligence claim against an employee *for actions taken by the employee, in the course and scope of his or her employment*, it clearly sought to ensure that an employee could be liable *only for his or her own actions*, and not for the actions of others. As a result – and as this Court discussed at oral argument – a plaintiff can recover against an employee *only* if he or she proves (a) that the employer owed a duty of care to the third person, the breach of which caused the damage; (b) *the duty was delegated by the employer to the defendant*; and (c) *the employee breached this duty through personal (as contrasted with technical or vicarious) fault*. The plaintiffs in this matter have alleged that Ms. Pearce was personally at fault by her failure to do what she said she

-4-

would do. Again, the factual scenarios are fundamentally distinct. The language argued by defendants appears within the very specific factual context of a plaintiff seeking to recover a corporation's tort liability from its employee when all agreed the employee had no personal action which could have visited liability upon the employee, for the employees own actions and, therefore, does not apply to the factual scenario now before this Court.

Finally, the defendants cite four cases which stand for the proposition for which they are cited, and are presented in analogous circumstances. One is a Louisiana Fifth Circuit case and the remainder were issued by the Eastern District of Louisiana.[3] None of the cited cases represents controlling precedent which this Court is bound to follow. Louisiana appellate courts can provide valuable guidance when a federal court is Erie-bound – as in this case – to rule in the same manner as would the highest court in Louisiana. In this particular case, however, this Court cannot ignore the Louisiana Supreme Court's ruling in Canter supra and Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La. 1993).

In Barrie v. V.P. Exterminators, Inc., supra – issued the year after the Louisiana Fifth Circuit decision – the Louisiana Supreme Court found that an individual termite inspector can, under certain circumstances, be *personally* liable (along with his employer) for negligent inspection of a building and negligent issuance of a termite inspection report. While the Court did not address the distinction argued by defendants in the case at bar, there is no question that the Barrie court found an employee could be liable to a third party for negligent actions taken during the course and scope

---

[3] *See* Liberty Mutual Fire Insurance Company v. Ravannack, 2002 WL 612962 (E.D.La. 2004); Jade Marine, Inc. v. Detroit Diesel Corporation, 2002 WL 31554012 (E.D.La. 2002); Hibernia Community Development Corporation v. U.S.E Community Services Group, 166 F.Supp.2d 511 (E.D.La. 2001); and Korson v. Independence Mall I, Ltd., 595 So.2d 1174 (La.App. 5 Cir. 1992).

of his employment in a factual scenario where there was no bodily injury. In light of Barrie and Canter, this Court finds that, while the Louisiana lower court cases cited by the defendants, as well as the United States District Court cases cited which could support defendants' argument, the specific limitation sought to be imposed by the defendants herein has not been acknowledged by the Louisiana Supreme Court, rather the Louisiana Supreme Court has ruled in opposite to the limitation argued. This Court which is Errie bound, cannot ignore the Louisiana Supreme Court's pronouncements. Further, to adopt defendants' argument and subsequent limitation on the Louisiana Supreme Court's pronouncements would run counter to the policy considerations voiced by the Louisiana Supreme Court and the underlying rationale of those decisions.

Because the defendants have not sustained their burden of proving that the plaintiffs *cannot* assert a cause of action against Ms. Pearce, this Court finds under applicable Louisiana law the joinder of Ms. Pearce was not improper and her citizenship must be considered in the diversity analysis. Consequently, the requirements of diversity are not met because of the presence of a Louisiana defendant and, therefore, the motion to remand will be granted.

Finally, the plaintiffs have asked for this Court to award $5,000 in attorney's fees and costs to compensate them for having to file a remand motion in this case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, such an award is discretionary and the court may consider the complexity and uncertainty of the removal issues when evaluating whether an award of costs and expenses is "just." Given the extremely broad language upon which the defendants relied and the detailed inquiry this Court has had to make in order to fully rule on the

motion, this Court will decline to impose an award of costs and expenses upon the defendants in this case. The request for fees and costs will be denied.

Lafayette, Louisiana, this 28 day of September, 2005.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE